

JAVERBAUM **JW** WURGAFT

HICKS KAHN WIKSTROM & SININS, P.C.

*Certified Trial Attorneys*

**505 MORRIS AVENUE**
**SPRINGFIELD, NJ 07081**
**TEL: 973-379-4200**
**FAX: 973-379-7872**
**www.lawjw.com**

October 15, 2019

Hon. Ann Marie Donio, U.S.M.J.
U.S. Courthouse
1 John F. Gerry Plaza
Camden, NJ 08101

Re: Strike 3 Holdings, LLC v.
John Doe subscriber assigned IP address 72.82.149.58
Civil Case No. 1:19-cv-14073-ECR-AMD

Dear Magistrate Judge Donio:

On behalf of the above defendant, we write in reply to plaintiff's opposition to our

Motion to Quash a subpoena served on Verizon Online LLC seeking the name and address of the

subscriber of the IP address identified in the complaint.

Federal Rule of Civil Procedure 45(d)(3)(iv) provides that the court "must quash or

modify a subpoena that subjects a person to undue burden". "An undue burden exists when the

subpoena is 'unreasonable or oppressive'." In re Lazaridis, 865 F.Supp. 2d 521, 524 (D.N.J.

2011). In denying leave to serve a third-party subpoena in a similar case, Magistrate Judge Falk

noted that, when the defendant is only known as an IP subscriber, "the infringer might be

someone other than the subscriber." Third Degree Films, Inc. v. John Does 1-110, 2013 U.S.

Dist. LEXIS 27273 (D.N.J. 2013). The question before Your Honor, as it was before Magistrate

Judge Schneider in another Strike 3 case, is whether the Federal Rules sanction what is

1

essentially a hunting expedition for the real party in interest.

We recognize that Your Honor, as well as other Magistrate Judges in this district, have repeatedly permitted the discovery sought by plaintiff in this case. However, the routine acceptance of plaintiff's litigation strategy has been questioned since Judge Lamberth's opinion in Strike 3 Holdings, LLC v. Doe, 351 F. Supp. 3d 160, 161, 166 (D.D.C.2018).

In a case pending before Magistrate Judge Schneider, it was noted that the defendant's "name and address is not a secret" since it was disclosed in the motion papers filed by defendant seeking to quash a subpoena to his ISP provider. Strike 3 Holdings, LLC v. John Doe Subscriber Assigned IP Address 73.160.162.60, Civil No. 18-14114 [E.C.F. Doc. 31] at 4-5. Nevertheless, the Court noted that "certain issues have come to the top that this Court did not give sufficient consideration to when it issued its orders" initially permitting the subpoena. Id. [E.C.F. Doc. 30] T7-7 to 9.[1]

When the Court explored plaintiff's litigation strategy, counsel acknowledged that "there are *often* going to be circumstances" in which the subscriber is not the infringer. Id. T 20-23 to 21-1.[2] After reviewing the information sought by the subpoena, plaintiff then undertakes "our separate investigation" to determine who the likely infringer is. Id. T 21-13 to 16. The Court appeared troubled by this and asked counsel,

> What is the Rule 11 basis for saying in your Complaint...the defendant, owner of the IP address, or the registered owner, downloaded[?]. T24-21 to 24.

---

[1]This citation refers to the transcript of the hearing before Magistrate Judge Schneider on May 31, 2019.

[2]Plaintiff is bound by this representation. Fed. R. Evid. 803(d)(1)(C)(2)(C).

2

> What basis does Strike 3 have to make [the] allegation [that defendant downloaded, copied, and distributed a complete copy of each of plaintiff's works without authorization]?
> T27-2 to 9
>
> If Strike 3 doesn't know who lives in the residence where this IP address is, how can it allege in Paragraph 27 that the owner or registered owner of that IP address was the person who downloads that copyrighted work.
> T29-12 to 15.

In the Complaint before Your Honor, it is alleged that:

> 4. Defendant is...stealing [plaintiff's] works on a grand scale.
>
> 5....Defendant attempted to hide this theft....
>
> 23. Defendant used the BitTorrent file network to illegally download and distribute Plaintiff's copyrighted motion pictures.
>
> 27. Defendant downloaded, copied, and distributed a complete copy of each of Plaintiff's Works without authorization
>
> 30. Defendant's infringement is continuous and ongoing.
>
> 36. Defendant copied and distributed the constituent elements of Plaintiff's Works using the BitTorrent protocol.

Clearly, plaintiff does not know if any of these allegations have a factual basis. In fact, as was acknowledged before Magistrate Judge Schneider, these allegations will "often" be found to be untrue.[3] We respectfully submit that the Rule 45 undue burden standard has been met and that the Motion to Quash should be granted. If, however, the Court disagrees, we ask that any adverse ruling be stayed to permit the defendant to consider an appeal to the District Court. In any event,

---

[3]How often this happens is not known. In a similar case more than seven years ago, "counsel estimated that 30% of the names turned over by ISPs are not those of individuals who actually downloaded or shared copyrighted material." Digital Sin, Inc. V. Does 1-176, 279 F.R.D. 239, 242 (S.D.N.Y. 2012).

3

we respectfully submit that Your Honor should delay any decision until the Court and all parties

have the benefit of Magistrate Judge Schneider's "comprehensive opinion" which is to be

rendered "shortly". See counsel's letter of October 8, 2019 [E.C.F. No. 12].

<div style="margin-left: 40%;">

Respectfully yours,

JAVERBAUM WURGAFT
HICKS KAHN WIKSTROM & SININS

By: Herbert I. Waldman

</div>

HIW/jlc

cc:     John C. Atkin, Esq.